J. W. BEST, INC. *v.* REMMEL PLAYGROUNDS PARK ASSOCIATION, INC.

4-4324

Opinion delivered June 15, 1936.

*Henry S. Grant* and *Jones & Wharton,* for appellant.
*Ras Priest* and *C. M. Erwin, Jr.,* for appellee.

HUMPHREYS, J.   This suit in unlawful detainer was brought by appellee against appellants in the circuit court of Jackson county on the 12th day of July, 1935. Written notice was served on appellants on the 3rd day of June to vacate the premises on the 10th day of July, 1935.   Appellee owned lot 3, block 2, in the Original Town of Newport, and at the time it purchased the lot, same was occupied by appellants under a written lease of one year at $50 per month.   The lease contained no provision for a renewal thereof, and no attempt was made by either party to renew same for a definite period.   The lease was dated March 9, 1931.   The appellants occupied the premises continuously thereafter, but, by oral agreement, the rents were reduced to $25 a month on account of the depression, and, at the time notice was served to vacate the premises, appellants were in arrears on their rent for about three months.   After the notice was served, appellants paid the rent to July 5, 1935.   On July 10, 1935, they tendered $50 to appellee for a month's rent, which was refused on the ground that appellee had rented the premises to another person from and after July 10, 1935.

Appellants interposed the defense to the suit that they had occupied the premises under the yearly rental contract, and could not be deprived of the possession thereof until March 10, 1936, the expiration of the year, and then only upon six months' written notice to vacate instead of thirty days' notice to do so.

The issue joined was submitted to the court, sitting as a jury, upon the evidence adduced by the parties, resulting in a finding that appellants were tenants from month to month, and not tenants under a yearly rental contract.

Judgment was accordingly rendered against appellants for the possession of the lot and rents thereon from July 10, 1935, at the rate of $50 per month until vacated, from which judgment is this appeal.

The testimony introduced by appellants tended to show that they continued to occupy the premises under

the yearly rental contract save that the rent was reduced during the depression.

The testimony introduced by appellee tended to show that at the expiration of the written lease an oral agreement was entered into whereby appellants might occupy the premises at the reduced rental from month to month until appellee found a tenant who would pay more rent.

The court found the issue of fact against appellant, and there is ample evidence in the record to sustain the finding.

Appellants contend, however, that the acceptance of the past-due rents after notice to vacate estopped appellee from instituting the unlawful detainer suit and cites the case of *Geary* v. *Parker,* 65 Ark. 521, 47 S. W. 238, 53 S. W. 567, to sustain their position. In the case cited, the issue was whether failure to pay rents forfeited a rental contract for fifteen years with option to buy, and, of course, the tender of rent after notice prevented the institution of the suit. In this case the issue was whether the contract was a yearly or monthly contract, so the payment and acceptance of past-due rent did not settle the issue involved nor prevent the institution of a suit to determine the issue.

No error appearing, the judgment is affirmed.